Dear Mr. Taylor:
You requested reconsideration of our recent opinion concerning fees which were billed by your office to the Amite River Basin Drainage and Water Conservation District (the "District") for the costs involved with adding a millage tax to fund the District's portion of the Comite River Diversion Canal. You indicated that the opinion has been read to mean that the District does not owe any monies to your office for the costs incurred to add their taxes to the assessment roll.
The statutes provide two alternative means for funding the salary and expenses of the assessors: either pro rata deductions from ad valorem tax recipient bodies under R.S. 47:1906 or the levy of a tax by a tax assessment district under R.S. 47:1925, et seq. It is our understanding that a tax assessment district has not been created in Livingston Parish. R.S. 47:1906 provides in pertinent part:
 "A. There shall be a fund for the payment of the salaries and allowances of the assessors, and all recipients of taxes, whether state, parish, school, levee, drainage, or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each. The pro rata due the assessor's salary and expense allowance, except exempted municipalities, shall be remitted direct to the assessor by the sheriff and ex officio tax collector from the first tax collections when the tax rolls are filed each year, and prorated among the state, parish, school, levee, drainage and other recipients of taxes in proportion to the amount of taxes to be received by each.
* * *
 D. The pro rata due the assessor's salary and expense allowance by the various tax recipients, except exempted municipalities . . . shall be paid direct to the assessor by the sheriff and tax collector from the first tax collections . . . (Emphasis added)
Additionally, R.S. 38:1546 provides for the levy of a forced contribution or acreage tax to maintain drainage and to pay the debt service on bonds issued by the drainage district. Assessors are authorized to receive as compensation for making the assessment roll the fees fixed by law on all ad valorem taxes and the sum of seventy five dollars for the listing of property to serve as a basis to collect the acreage tax which shall be paid the assessor by the drainage district. This $75.00 fee shall constitute the total charge for all rolls made for the district.
Accordingly, the District owes your office $75.00 and its proportion of the total due to the assessor's salary fund in accordance with the amount of taxes to be received by each of the tax recipient bodies in Livingston Parish. The sheriff is to remit these monies directly to your office from the first tax collections.
As to why the District would not be responsible for paying the invoices billed by your office, except as set forth in R.S. 38:1546, we have found no statutorily authority for the assessor to invoice the District for the cost of preparing the tax rolls to include the new Comite River Diversion Canal tax. Op.Atty.Gen. 87-431. The District has no authority to pay invoices it does not owe. La. Const. Art. VII, Sec. 14(A).
We understand that you did not receive a proportionate amount of the District's taxes for the 2001 and 2002 tax years. It is our further understanding that the Livingston Parish Sheriff has not yet remitted to the District its 2002 taxes. It would be appropriate for the Sheriff to pay over to your office the proportionate amount due for the 2002 taxes. As to the 2001 taxes, we suggest that in lieu of litigation, the District should pay the amount owed to your office.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
cc: Amite River Basin Drainage and Conservation District Livingston Parish Sheriff
DATE RELEASED: February 14, 2003